FILED

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

2017 FEB -3  PM 4: 57

SCOTT FORTIER,

Plaintiff,

v.

CASE NO: 3:17-cv-140-J-20 PDB

**Jury Trial Demanded**

CREDIT PROTECTION ASSOCIATION L.P.,

Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff SCOTT FORTIER ("Fortier" or "Plaintiff") files suit against CREDIT PROTECTION ASSOCIATION L.P. ("CPA") and in support alleges:

## NATURE OF ACTION

1.     This is an action for injunctive relief and damages by Plaintiff, Scott Fortier, an individual consumer, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") by CPA.   Fundamentally, this case is about CPA's refusal to respect Mr. Fortier's personal and legal rights in its attempts to collect an alleged debt by calling him over 130 times.

## JURISDICTION

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC,* 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

## THE PARTIES

3.      Plaintiff, Scott Fortier, is a natural person residing in Florida.

4.      CPA is a corporate entity responsible for attempting to collect a debt from Plaintiff and transacts business in the State of Florida and is registered with the Florida Department of State in Florida.

5.      CPA can be served at C.T. Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6.      CPA is a creditor who specializes in collections services designed to collect outstanding balances and equipment and reduce the costs associated with processing accounts.

7.      CPA was attempting to contact Mr. Fortier in order to collect a debt owed by a third party. Notably, Mr. Fortier never provided consent for CPA to call him.

8.      Plaintiff is the regular user and subscriber of the cellular telephone 386-265-7926 and was the recipient of the CPA calls.

9.      Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

10.      Plaintiff is a "consumer" as defined in Florida Statute Section 559.55(2).

11.      The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

12.      Plaintiff hired Davis Law Firm to represent him with regard to all debts and claims that his creditors may have had against him, and to seek relief from the overwhelming volume of unauthorized debt collection calls that Plaintiff was receiving.

## BACKGROUND

13.     Plaintiff has never had any business dealings with CPA.

14.     Beginning in February 2015, CPA began a campaign of telephone calls to Plaintiff's cell phone in an attempt to collect an alleged debt from Mr. Fortier's girlfriend, now wife, Holly Angerson.

15.     CPA did not have Mr. Fortier's consent to call his cell phone and Angerson did not—and did not have the authority to—consent on Mr. Fortier's behalf.

16.     Upon information and belief, CPA obtained Mr. Fortier's number through skip tracing or some other means.

17.     Upon answering one or more of the calls, Plaintiff informed CPA that he did not have any business dealings with them, they had the wrong number, and asked them to stop calling.

18.     Notably, Mr. Fortier spoke with CPA in February 2015, as well as on April 9, 2015, April 11, 2015, again on April 11, 2015, June 20, 2015, June 25, 2015, and possibly other times.

19.     Despite his request for the calls to stop, CPA continued to call Plaintiff's cellular phone.

20.     CPA called Mr. Fortier's cell phone at least 130 times.

21.     CPA called the Plaintiff using telephone numbers 844-335-5695, 844-335-5696, 844-543-6093, 844-335-5701, and 844-335-5702.

22.     Exhibit "A" displays the times and dates of at least some of the 130 telephone calls made by CPA to Mr. Fortier's cellular telephone between February 26, 2015 and August 11, 2015.

23.    CPA attempted to collect a debt by this campaign of telephone calls.

24.    The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

25.    The telephone calls made to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

26.    The telephone calls made by CPA were made using an artificial or prerecorded voice.

27.    CPA did not have Plaintiff's consent to call his cellular telephone using automatic telephone dialing equipment.

28.    The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

29.    CPA uses automatic telephone dialing systems.

30.    The phone number 844-335-5695 is a number that does or did belong to CPA or its agents.

31.    The phone number 844-335-5696 is a number that does or did belong to CPA or its agents.

32.    The phone number 844-543-6093 is a number that does or did belong to CPA or its agents.

33.    The phone number 844-335-5701 is a number that does or did belong to CPA or its agents.

34.    The phone number 844-335-5702 is a number that does or did belong to CPA or its agents.

35.    Plaintiff has incurred a concrete injury for the harassing calls made by CPA.

36.     All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I – VIOLATIONS OF THE TCPA BY CPA

37.     Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint.

38.     CPA willfully or knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice to Plaintiff's cellular telephone without Plaintiff consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CPA for:

a)  Damages;

b)  Treble damages for knowing or willful violations; and

c)  Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

39.     Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint.

40.     By continuing to contact Plaintiff despite having actual knowledge that Plaintiff did not consent to be called, by using automatic telephone dialing equipment to call Plaintiff's cellular telephone and using an artificial or pre-recorded voice, by calling him in at least 130 times in a short time span, and by communicating with him in a manner reasonably expected to harass, CPA engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat.§ 559.72(7).

41.     Each harassing call is a separate violation of the FCCPA and a separate count in this complaint.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CPA for:

a)  Actual and statutory damages;

b)  Attorney's fees and costs;

c)  A permanent injunction enjoining the Defendant from engaging in the violative practices; and

d)  Such other or further relief as the Court deems equitable, just, or proper.

**DAVIS LAW FIRM**

_s/TODD M. DAVIS_
**TODD M. DAVIS, ESQ.**
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com